## UNION PLANTERS NATIONAL BANK *v.* EAST CENTRAL ARKANSAS ECONOMIC DEVELOPMENT CORPORATION

99-573                                           13 S.W.3d 578

Supreme Court of Arkansas
Opinion delivered March 30, 2000

*W. Frank Morledge, P.A.*, by: *W. Frank Morledge*, for appellant.

*Christopher W. Morledge, P.A.*, by: *Christopher W. Morledge*, for appellee and court-appointed receiver.

RAY THORNTON, Justice. Appellant, Union Planters National Bank, brings this appeal seeking review of the chancery court's determination to appoint a receiver at the request of appellee to oversee the dissolution and liquidation of its not-for-profit corporation on the grounds of insolvency, urging that the chancellor was without subject-matter jurisdiction over the proceeding in the absence of a base or ancillary proceeding, and that the appointment of a receiver was improper. Because we conclude that Rule 66 of the Arkansas Rules of Civil Procedure and our prior case law on the subject support the chancellor's decision to appoint a receiver, we affirm.

Appellee, the East Central Arkansas Economic Development Corporation, filed a petition for dissolution and liquidation in the chancery court of St. Francis County on February 13, 1998, alleging that its board of directors had voted to dissolve the corporation due to insolvency. The corporation was allegedly the subject of lawsuits and other claims against which it could not defend or satisfy judgments, and asserted that in order to avoid multiplicity of lawsuits or preferential treatment of creditors, the court should take jurisdiction of the winding up of the affairs of the corporation by appointing a receiver. A receiver was appointed on June 16, 1998, and a warning order notice to creditors to appear and enter their claims was issued by the receiver.

Appellant filed a Motion for Leave to Intervene, alleging that it had been granted judgment against appellee and that the judgment remained unsatisfied, and requesting intervention in the dissolution proceedings. Contemporaneously appellant filed a motion to dismiss, specifically contending that the allegations of the petition filed by appellee for dissolution and liquidation failed to give rise to authority for the appointment of a receiver, and that such appointment in the absence of a base proceeding before the chancery court was improper and should be set aside. In response, appellee pointed out that it was formed by the filing of documents well prior to the adoption of the Arkansas Non-Profit Corporation Act of 1993, and because the prior law did not provide for a procedure for approval of extraordinary transactions involving voluntary dissolution of a nonprofit corporation, appellee turned to the chancery court specifically for guidance in requesting supervision of the dissolution.

The chancery court granted appellee's motion to establish a receivership and denied appellant's Motion to Dismiss, finding that the appointment of a receiver was proper and within the jurisdiction of the trial court in order to protect the remaining assets of appellee, to continue operation of certain remaining business ventures, and to garner and assemble assets of the corporation for the equitable treatment of creditors. "The only reasonable means by which to ensure that all creditors and claimants are protected during the dissolution of East Central," wrote the chancery court, "is ... to appoint a receiver. Therefore, it is this court's opinion that a receiver is necessary and proper...."

Rule 66 of the Arkansas Rules of Civil Procedure provides that: "Courts of equity may appoint receivers for any lawful purpose when such appointment shall be deemed necessary and proper," and under our standard of review we must determine whether the appointment of a receiver was an abuse of discretion. The appointment of receivers rests within the discretion of courts of equity, to be exercised with restraint and caution, and ordinarily in conjunction with a pending proceeding, and rarely as a means in itself, but whenever unusual circumstances warrant. *Chapin v. Stuckey*, 286 Ark. 359, 692 S.W.2d 609 (1985) (*cited in Boeckmann v. Mitchell*, 322 Ark. 198, 909 S.W.2d 308 (1995)). Trial courts are ordinarily permitted to exercise that power with considerable discretion in determining whether, under particular circumstances, a receivership is reasonably required. The power to appoint a receiver

is, of course, a harsh and dangerous one, and should be exercised with great circumspection. *Chapin, supra (citing Kory v. Less,* 180 Ark. 342, 22 S.W.2d 25 (1929)). The cases in which receivers ordinarily will be appointed are confined to those in which it can be established to the satisfaction of a court that the appointment of a receiver is necessary to save the property from injury or threatened loss or destruction. *Id.* As we noted in *Boeckmann, supra,* in reviewing such a decision, it is necessary to include a review of the underlying issues which form the basis for the appointment of the receiver. *Id.* Based upon our review of the facts presented to the chancellor, we cannot agree with appellant's contention that the trial court abused its discretion in appointing a receiver to discharge the duties necessary to dissolution of the corporation.

██ Each side has taken issue with the specific meaning of the chancellor's order with regard to the necessity for a base proceeding, with appellant contending that the chancellor erred in looking to concluded litigation between the parties as a base proceeding, and appellee arguing that the chancellor found a base proceeding in the writ of execution and garnishment filed by appellant against appellee, amounting to an affirmative action by which appellant initiated the base proceeding relevant to this receivership petition. However, based on our prior holding in *Chapin, supra,* and later affirmed in *Boeckmann, supra,* we find it unnecessary to address the question whether there was an ancillary proceeding. Like the case before us, in *Chapin* the appellant contended that the appointment of a receiver was the only relief sought by appellee and was not an appropriate action because it was not ancillary to any other proceeding then pending. *Id.* As we noted in *Chapin,* we take no exception to the basic principle that receivership is not an end unto itself, but is generally ancillary to some proceeding over which the court has jurisdiction. However, this broad statement of the law is "neither categorically nor invariably so," nor is it to be "rigidly applied." *Id.* The appointment of receivers comes within the extraordinary powers of a court of equity, and our only concern should be whether the appointment constituted an abuse of discretion. Here, as in *Chapin,* the trial court determined that under the unusual situation presented in this case, a receiver was needed to manage and protect the assets of an insolvent nonprofit corporation beset by numerous creditors and a judgment-seeking class action. *Id.* We agree with that determination.

■ We note further that our case law and interpretation of the provisions of Rule 66 is in accord with the most recent expression of legislative intent by our General Assembly. The relatively new enactment of the Arkansas Non-Profit Corporation Act of 1993 specifically provides that a chancery court may dissolve such a corporation in a proceeding by the corporation to have its voluntary dissolution conducted under court supervision. Ark. Code Ann. § 4-33-1430 (Repl. 1996). We conclude that the chancellor's actions not only fall well within this court's own rules and case law, but also reflect the public-policy considerations articulated by later statutory instruction. We therefore hold that the chancellor did not abuse his discretion in determining that the appointment of a receiver was appropriate, and accordingly, we affirm.

Affirmed.