243 S.W.3d 903 (2006)
Robert T. WILLIAMS, Josephine Williams, Robert Jones, Sr., Dorothy A. Jones, Andrew W. Williams, Fredonia Williams, Delbert. L. Gieber, Dara J. Gieber, Bowman M. Burns, Jr., Lela Burns and All Others Similarly Situated, Appellants,
v.
BRUSHY ISLAND PUBLIC WATER AUTHORITY of the State of Arkansas, Formerly Known as Brushy Island Water Association, Inc., Christopher Baker, Florestine Perkins, Lee A. Jeffery, Jerry Carter and George Coleman, in Their Respective Capacities as Directors and/or Trustees and/or Officers of Brushy Island Public Water Authority of the State of Arkansas, Formerly Known as Brushy Island Water Association, Inc., Appellees.
No. 06-126.
Supreme Court of Arkansas.
November 30, 2006.
*904 James F. Lane, P.A., by: James F. Lane, Conway, for appellants.
Wright, Lindsey & Jennings, LLP, by: C. Tad Bohannon and Michelle M. Kaemmerling, Little Rock, for appellees.
JIM GUNTER, Associate Justice.
Appellants are water users in the Brushy Island Public Water Authority (the "Authority"). They sued the. Authority and its directors seeking a declaration that the vote to convert the Brushy Island Water Association, of which appellants were members, from a nonprofit corporation into a water authority was void and invalid. The circuit court granted the Authority's motions (1) for summary judgment, (2) to strike an amendment to appellants' complaint, and (3) to appoint a receiver for the Authority. Appellants brought this appeal from the circuit court's order striking the amendment to their second amended complaint and appointing Central Arkansas Water ("CAW") as the receiver for the Authority. We assumed jurisdiction pursuant to Ark. R. Sup.Ct. 1-2(b)(1), as this appeal raises an issue of first impression. We affirm the circuit court's order.
*905 The Authority provides water service to the Brushy Island Community in and east of Sherwood in Pulaski County. Before the Authority was created, water service in this area was provided by a nonprofit corporation, the Brushy Island Water Association. At an annual membership meeting of the Brushy Island Water Association on July 15, 2003, the Association's board of directors and members passed resolutions to convert the Association into a public water authority pursuant to Ark.Code Ann. § 4-35-202 (Supp.2005). Water authorities do not have members, so all former members of the Association became water users of the Authority.
On September 30, 2003, appellants filed a lawsuit challenging various acts of the Association's board of directors. One of the claims challenged the conversion vote on July 15, 2003, on the ground that the vote failed to pass by a majority. Several amended and substituted complaints were later filed. On September 28, 2004, the trial court granted appellees' motion to strike the third amended and substituted complaint, leaving the second amended and substituted complaint as the operative pleading. In addition, the trial court granted appellees' motion to dismiss as to several claims, but allowed appellants to proceed with, among other claims, the challenge to the conversion vote on the ground that it failed to pass by a majority.
On July 27, 2005, appellees filed a combined motion for appointment of receiver and motion for summary judgment. Appellees asked the trial court to appoint CAW as receiver subject to terms outlined in a proposed order attached to the motion. Appellees submitted affidavits and other evidence indicating that the Authority's water-system facilities were in a state of disrepair and in need of significant improvements, that the Authority lacked funds to pay for improvements, that four of the five directors wanted to resign, and that the Authority had been cited by the Arkansas Department of Health for violations of certain public-health regulations. In conjunction with its willingness to serve as receiver, CAW had arranged financing for the improvements needed to the Authority's system. Appellees also moved for summary judgment on all remaining claims, including the conversion-vote claim.
On August 16, 2005, appellants filed a first amendment to complaint, purporting to add a claim that the court eliminated when it struck the third amended and substituted complaint. They also filed a response to appellees' combined motion for appointment of receiver and motion for summary judgment, arguing that the appointment of a receiver was not necessary or appropriate. Appellees filed a motion to strike the first amendment to complaint. On August 25, 2005, the trial court held a hearing to address the combined motion and the motion to strike. On October 18, 2005, the trial court entered an order dismissing the remaining claims against appellees, granting the motion to strike, appointing CAW as receiver for the Authority, and outlining the terms of the receivership. Appellants brought this appeal.

Appointment of Receiver
Appellants' first point on appeal is that the trial court erred in failing to conduct an "evidentiary hearing" in order to appoint a receiver. Appellants neither explain exactly what is required in an "evidentiary hearing" nor cite any law directly supporting their position that an "evidentiary hearing" is a prerequisite to a trial court's appointment of a receiver. They simply claim that, pursuant to our decision in Davis v. Schimmel, 252 Ark. 1201, 482 S.W.2d 785 (1972), due process mandates that appellants be afforded "an evidentiary *906 hearing on the merits of the appointment of a receiver."
The appellant in Davis was the owner of oil and gas leases in certain lands in Lafayette County. He asked the chancery court to appoint a receiver to negotiate and execute leases on unleased interests in these lands, which the court did. Two years later, the defendantsnonresident owners of the land involvedfiled motions to vacate the orders of the court appointing the receiver and approving his reports granting leases to appellant in their lands. The court set aside the orders appointing the receiver and confirming his reports, holding that they were entered without notice and were therefore void. We affirmed, stating that, before depriving a person of "any significant property interest," "[d]ue process requires, at a minimum, that one be given a meaningful opportunity for a hearing, appropriate to the nature of the case and preceded by notice." Id. at 1207, 482 S.W.2d at 789. Although we noted that publication of a warning notice is an adequate method of service for nonresidents, we held that the affidavit for warning order in this case was not in strict compliance with statutory requirements and was, therefore, invalid. Accordingly, we held that, because the defendants received neither constructive nor actual notice of the action, the orders appointing the receiver and confirming the leases made by the receiver to the appellant were void.
Appellants' reliance on Davis is misplaced. The issue in Davis was not whether an evidentiary hearing was required in order for a court to appoint a receiver, but whether the defender of a suit for the appointment of a receiver received adequate notice. Davis does not support appellants' position in this case that the court was required to hold an "evidentiary hearing" before it appointed a receiver.
Appellees contend that this issue has not been preserved for appeal because the record reflects that the appellants were given the opportunity to present live testimony and additional evidence in opposition to the motion to appoint a receiver, but they failed to do so. Appellees cite Robinson v. State, 363 Ark. 432, 214 S.W.3d 840 (2005), for the proposition that it is appellant's obligation to obtain a ruling on his argument to preserve it for appeal. Appellees claim that their motion for appointment of receiver was supported by two affidavits, a notice from the Arkansas Department of Health, and an order of the Board of Health. Appellants filed a response opposing the appointment of a receiver, but submitted no evidence in support of their opposition. In the hearing held August 25, 2005, on appellees' combined motion for appointment of receiver and motion for summary, judgment and appellees' motion to strike, appellants neither produced testimonial or documentary evidence in opposition to the motion for appointment of receiver nor called appellees' affiants to question them about their affidavits. In response, appellants argue that they requested an opportunity to examine appellees' affiants and were denied that opportunity.
After hearing arguments on the summary-judgment motion and on the motion to strike, the court turned to the motion for appointment of receiver. The court had already said that it was granting appellees' motion for summary judgment. Appellees noted that the court's ruling on their motion to strike was determinative of whether they wanted to go forward on the motion for appointment of a receiver. The following excerpt occurred immediately after appellees indicated that CAW was willing to serve as receiver only if no claims remained pending in the lawsuit.

*907 THE COURT: If you are prepared to do this, what I would like to do is go ahead and hear arguments on behalf of the receivership. I will, I guess, take it in abeyance with the other and we'll just deal with it that way.
APPELLEES' COUNSEL: Certainly. I am prepared to do that.
APPELLANTS' COUNSEL: Your Honor, if I may address the Court, I was under the impression today that we would have the summary judgment hearing, much as the rule contemplates, and argue the motion and the response and the relative merits.
I was under the impression that we would have something on the nature of an evidentiary hearing on the request for appointment of receivership. And to that end, I had hoped to be able to inquire of at least Mr. Ferguson and some others about areas of concern I have with the affidavit. I did not know that the Court was going to treat the and could not tell from the pleadings that the defendants expected the Court to treat the motion for appointment of receiver in a summary fashion. I had assumed that that motion would be fleshed out by testimony offered by live witnesses, and I would have an opportunity to cross-examine them about statements in affidavits and other things.
THE COURT: If that's what we're going to do, are you prepared to do that today?
APPELLANTS' COUNSEL: I am prepared. I have a number of questions I'd like to ask Mr. Ferguson, yes, and perhaps of Mr. Jeffrey.
THE COURT: Well, we'll proceed. And if it becomes apparent that we're either running out of time or that we don't have what we need, I'll deal with that issue when it comes up. But I had assumed that some of the basis of the affidavits either would have been challenged or not. But it's not a surprise to me that you want to inquire more deeply, so
APPELLANTS' ATTORNEY: Yes.
APPELLEES' ATTORNEY: Your Honor, I think my assumption was sort of more along the lines of yours. I was assuming that this was an argument hearing and not an evidentiary hearing. I do not intend to present any witnesses in support of the motion for receivership.
We have the affidavits of Mr. Jeffrey. We have the affidavit of Mr. Ferguson. We have documentary evidence of the orders and notices of the health department. And it's our view that the documentary evidence that we submitted in conjunction with the motion provides the Court with a sufficient evidentiary basis to grant it.
So I am not planning to call my witnesses because I think that would be repetitive. Mr. Ferguson is' here because I asked him to be here. In the event that the Court might have any questions for him, Mr. Jeffrey is here. In addition, Mr. Bennett from the. Arkansas Soil & Water Conservation Commission is here. And Mr. Quattlebaum, David Quattlebaum, from the health department is here, as well.
THE COURT: Well, You're not required to call any witnesses. But Mr. Lane, if you have any questions of individuals who are here, I'm not going to prevent you from asking them any questions regarding their affidavit.
APPELLANTS' COUNSEL: Thank you. If I may call
THE COURT: I am, going to let her go ahead and argue though.
[Appellee's counsel presented her argument in favor of the motion to appoint a receiver. Appellant's counsel then responded with his argument in opposition *908 to the motion, but did not call any witnesses.]
THE COURT: Court is going to take the remaining two issues, that of striking the first amended complaint, which is actually the fourth amended complaint, and the receivership under advisement. I'll likely give you my decision on those issues on Monday.
After a review of the relevant law and the hearing on the receivership motion, we reject appellants' argument. First, appellants have offered no authority requiring the trial court to hold an "evidentiary hearing" in order to appoint a receiver. See In re Estate of Keathley, 367 Ark. 568, 242 S.W.3d 223 (2006) (we will not consider arguments that are not supported by citation to legal authority or convincing argument). Moreover, the trial court held a hearing and gave appellants ample opportunity to argue and present evidence. Appellants' counsel chose to offer legal arguments in opposition to the motion rather than to present any witnesses, although the record indicates that appellees' affiants were sitting in the courtroom. Any error committed with regard to the failure of appellants to call witnesses is of their own making. Appellants abandoned their right to call witnesses when they failed to do so in spite of the court's authorization and in spite of the witnesses being in the courtroom.
For their second point on appeal, appellants argue that there is no evidence to support the trial court's finding that it is in the best interest of the Authority's customers that a receiver be appointed. Essentially, they make the same argument they made in their first point on appeal: appellants had no opportunity to contest the evidence as there was no evidentiary hearing. Appellees respond, arguing that the trial court did not abuse its discretion in appointing a receiver. They, argue that the uncontroverted evidence presented to the trial court established that this is exactly the type of case in which a receiver is necessary and proper.
A trial court's determination of whether to appoint a receiver is governed by Rule 66 of the Arkansas Rules of Civil Procedure. Rule 66 provides that a trial court "may appoint receivers for any lawful purpose when such appointment shall be deemed necessary and proper." Ark. R. Civ. P. 66(a) (2006). We review a trial court's decision to appoint a receiver for abuse of discretion. Union Planters Nat'l Bank v. East Central Arkansas Econ. Dev. Corp., 340 Ark. 706, 708, 13 S.W.3d 578, 580 (2000).
The appointment of receivers rests within the discretion of courts of equity, to be exercised with restraint and caution, and ordinarily in conjunction with a pending proceeding, and rarely as a means in itself, but whenever unusual circumstances warrant. Chapin v. Stuckey, 286 Ark. 359, 692 S.W.2d 609 (1985) (cited in Boeckmann v. Mitchell, 322 Ark. 198, 909 S.W.2d 308 (1995)). Trial courts are ordinarily permitted to exercise that power with considerable discretion in determining whether, under particular circumstances, a receivership is reasonably required. The power to appoint a receiver is, of course, a harsh and dangerous one, and should be exercised with great circumspection. Chapin, supra (citing Kory v. Less, 180 Ark. 342, 22 S.W.2d 25 (1929)). The cases in which receivers ordinarily will be appointed are confined to those in which it can be established to the satisfaction of a court that the appointment of a receiver is necessary to save the property from injury or threatened loss or destruction. Id.

Id.
To determine whether the trial court abused its discretion, we turn to the evidence *909 presented to the trial court. The president of the Authority, Lee Jeffrey, stated in his affidavit that the Authority's facilities were in a state of disrepair and in need of significant improvement. He also said that the Authority had insufficient funds to make these improvements. He stated that the directors informed counsel they wanted to resign after the Arkansas Department of Health assessed a civil penalty against the Authority, but agreed to remain in office to seek the appointment of CAW as receiver for the Authority. He said that he also wanted to resign and turn management of the Authority over to CAW.
Jim Ferguson, the Director of Engineering at CAW, stated in his affidavit that the facilities of the Authority were in an advanced state of disrepair and in need of significant improvements. He said unaccounted-for water from leaks and illegal usage had been measured at 500%, while the normal range is 10%-20%. He also opined that the Authority's facilities were not sufficient to provide adequate fire service, as they were not originally designed for this purpose.
Appellees also produced evidence that the Department of Health had cited the Authority for delivering water that exceeded the maximum contaminant level of coliform bacteria, failing to submit required water samples to authorities, and failing to monitor and report residual disinfectant concentrations. Appellants presented no evidence in support of their opposition to the receivership motion. Under the circumstances presented to the trial court, we cannot say that the trial court abused its discretion in finding that the appointment of a receiver for the Authority was "necessary and proper." Ark. R. Civ. F. 66.
Finally, appellants argue that the trial court abused its discretion in appointing CAW as receiver for the. Authority. The trial court's order requires CAW to contract for and begin construction of improvements within six months of the order. The trial court states that the cities of Jacksonville and Sherwood have agreed to make contributions to the cost of construction. Appellants argue specifically that the trial court abused its discretion in appointing CAW because it is unclear to appellants wily these cities are contributing funds to the project. Appellants also suggest that CAW has an appearance of self-interest because, they will absorb the Authority when the new debt for improvements is retired. Finally, they express concern about the, cost of the improvements to the water users in the Authority. They argue that, if they had been permitted to examine Mr. Ferguson about his affidavit, "a reasonable line of inquiry would have been the extent to which the improvements to Appellee Authority would benefit Central Arkansas Water as well as Jacksonville and Sherwood" and whether the needs of the Authority could have been met for less. In support of their argument, appellants cite Davis v. Seay, 247 Ark. 396, 445 S.W.2d 885 (1969), in which this court upheld the appointment of a tenant as receiver of the hotel without notice to the hotel's owners, but reversed reimbursement by the trial court to the tenant of remodeling costs to his leased property that he made while he was the receiver.
Appellees maintain that appellants' unsubstantiated allegations of CAW's appearance of self-interest fall far short of their burden to establish that the trial court abused its discretion. Appellees argue further that the evidence demonstrated that the Authority was in desperate need of experienced and professional management. CAW is the largest water-supply entity in the state. They claim that the appointment of CAW ensured that the Authority *910 would be managed by water-management professionals and that CAW had undertaken to arrange financing, which the Authority had been unable to provide. They argue that the trial court did not abuse its discretion. We agree.
The concerns expressed by appellants, about which they claim they would have questioned Mr. Ferguson, are just that: concerns. The fact is that they did not question Mr. Ferguson, nor did they provide any other evidence to substantiate these concerns. This is simply not sufficient to show that the trial court abused its discretion in appointing CAW. Further, their reliance on Seay, supra, is misplaced. In Seay, we did not hold that the trial court's appointment of the receiverappointed without notice to the owner of the propertywas an abuse of discretion, but that the trial court's reimbursement of an expense incurred by the receiver to remodel his own property was not proper. This expenditure was made after the Court had announced that the receivership would be dissolved and without prior approval by the court. This case does not support appellants' argument that the trial court in this case abused its discretion in appointing CAW as receiver. We affirm the trial court's order appointing CAW as receiver for the Authority.

Striking of Amendment
Appellants' last point on appeal is that the trial court erred in striking the first amendment to its complaint, which added a claim that the vote to convert the Brushy Island Water Association into the Authority failed to pass by the statutorily required two-thirds majority. Appellees state that this court reviews a trial court's decision to strike an amendment for manifest abuse of discretion and argue that, because appellants concede that the trial court did not abuse its discretion, we should affirm the trial court's decision.
Rule 15 of the Arkansas Rules' of Civil Procedure, which governs amendments to pleadings, provides in pertinent part that,
[w]ith the exception of pleading the defenses mentioned in Rule 12(h)(1), a party may amend his pleadings at any time without leave of the court. Where, however, upon motion of an opposing party, the court determines that prejudice would result or the disposition of the cause would be unduly delayed because of the filing of an amendment, the court may strike such amended pleading or grant a continuance of the proceeding.
We will not reverse a trial court's decision allowing or denying amendments to pleadings absent a manifest abuse of discretion. Harvill Cmty. Methodist Hosp. Ass'n, 302 Ark. 39, 786 S.W.2d 577 (1990).
In their initial complaint, appellants alleged that the vote to convert the Brushy Island Water Association from a nonprofit corporation into a water authority was void and invalid because it failed to carry by a majority of the members. In response to appellees' motion to dismiss the complaint, appellants filed an amended complaint, which repeated these allegations. In response to another motion to dismiss, they filed a second amended and substituted complaint, again repeating these allegations. Finally, after another motion to dismiss, appellants filed a third amended and substituted complaint, alleging that the conversion vote failed to pass by a two-thirds majority as required by Ark.Code Ann. § 4-28-225 (Supp.2005). Appellees filed a motion to strike the third amended and substituted complaint, which the trial court granted on September 28, 2004. The effect of this order was to eliminate the claim that the conversion vote failed to pass by a two-thirds majority vote.
*911 A year later, on August 16, 2005, three weeks before the trial was scheduled to take place, appellants filed a first amendment to complaint, again alleging that the conversion vote failed to pass by a two-thirds majority as required by Ark.Code Ann. § 4-28-225. The trial court struck the amendment as untimely, finding that it was an attempt to reassert a claim contained in the third amended complaint that the court had stricken a year earlier. The court held that allowing the amendment would prejudice the appellees by forcing them to defend against new allegations so close to trial,
On appeal, appellants do not argue that the trial court abused its discretion in striking the amendment, but instead claim that, because a statute requires a two-thirds vote rather than a majority vote, the trial court erred in deciding the conversion-vote issue on a standard other than this. Appellants admit that they are unable to cite any authority to support their position. Appellees maintain that a trial court is vested with broad discretion in allowing or denying amendments of pleadings. See Harvill, supra. Further, they claim that appellants have cited no legal authority to support a different standard of review. Therefore, they argue that we should affirm the trial court's decision.
While it is unfortunate for appellants that they did not discover this claim until long after they filed their initial complaint, this fact does not change the law. "[T]he trial court is vested with broad discretion in allowing or denying amendments to pleadings." Stoltz v. Friday, 325 Ark. 399, 409, 926 S.W.2d 438, 444 (1996) (citing Cawood v. Smith, 310 Ark. 619, 839 S.W.2d 208 (1992)). In Stoltz, we upheld the trial court's order striking an amended complaint where the amendment attempted to change the theory of recovery while a motion for summary judgment was pending. In Kay v. Economy Fire and Casualty Co., 284 Ark. 11, 678 S.W.2d 365 (1984), the trial court said that it would consider no pleadings filed after a certain date. Sometime after that date, plaintiffs realized that they had failed to include an allegation for compensatory damages in their bad-faith claim. The court found that the plaintiffs' complaint supported a claim for punitive, damages, which are allowed only if supported by a claim for compensatory damages. Id. at 13, 678 S.W.2d at 366. However, the court refused to allow an amendment including a claim for compensatory damages, entered judgment on the pleadings, and dismissed the complaint. We affirmed on appeal, holding that the trial court did not abuse its discretion.
Appellants have failed to argue that the trial court abused its discretion in this case and have cited no legal authority supporting another standard of review. We hold that the trial court did not abuse its discretion and affirm.
Affirmed.