375 Ark. 249

**Lili Mitchell DAVIS, Rose M. White, Jack D. Wilson, Dennis Burnett, Wayne Nunnerly, and Owen Honeysuckle, Appellants,**

v.

**BRUSHY ISLAND PUBLIC WATER AUTHORITY OF THE STATE of Arkansas formerly known as Brushy Island Water Association, Inc., Appellees.**

No. 08–562.

Supreme Court of Arkansas.

Dec. 19, 2008.

————

James F. Lane, P.A., Conway, AR, for appellants.

Wright, Lindsey & Jennings LLP, by: Troy A. Price, C. Tad Bohannon, and Michelle M. Kaemmerling, Little Rock, AR, for appellee.

JIM HANNAH, Chief Justice.

Appellants Lili Mitchell Davis, Rose M. White, Jack D. Wilson, Dennis Burnett, Wayne Nunnerly, and Owen Honeysuckle appeal the order of dismissal in favor of appellee Brushy Island Public Water Authority of the State of Arkansas (Authority), formerly known as Brushy Island Water Association, Inc. (Association). On appeal, the appellants contend that the circuit court erred in dismissing their

claims under the doctrines of claim pre-clusion, issue preclusion, and mootness. We affirm.

▇▇▇▇ Appellants are members of the former Brushy Island Water Association, Inc. They filed a complaint seeking to invalidate the July 15, 2003 vote whereby the Association was converted to the Authority.

The present action is the second case challenging the validity of the conversion vote. Previously, former members of the Association sued the Authority and its directors, seeking a declaration that the vote to convert the Association from a nonprofit corporation into a water authority was void and invalid. *See Williams v. Brushy Island Pub. Water Auth.*, 368 Ark. 219, 243 S.W.3d 903 (2006). The circuit court granted the Authority's motions (1) for summary judgment, (2) to strike an amendment to the Association's complaint, and (3) to appoint a receiver for the Authority. *See id.* We affirmed the circuit court's decision in its entirety. *See id.*

While the appeal in the *Williams* case was pending, the appellants in the instant case filed a complaint for declaratory judgment in the circuit court on January 10, 2006. In the complaint, the appellants requested, in relevant part, that the circuit court declare (1) that the July 15, 2003 vote of Association members to convert the Association to the Authority failed to carry a two-thirds majority as required by Arkansas Code Annotated section 4-28-225(a)(2) (Supp.2003), (2) that the Authority has no existence because the membership conversion vote failed to carry by a two-thirds majority, and (3) that the Authority does not have corporate existence. The circuit court dismissed the appellants' complaint, pursuant to Arkansas Rule of Civil Procedure 12(b)(8), finding that the appellants' complaint and the then-pending *Williams* case were "between the same

parties arising out of the same transaction or occurrence." The appellants did not appeal from this order, nor did they seek to intervene in the *Williams* case. In addition, the appellants did not seek a stay of the order in the *Williams* case appointing CAW as receiver. Therefore, during the pendency of the appeal, CAW moved forward with the improvements directed by the order.

Following the issuance of this court's decision in the *Williams* case, the appellants again filed a complaint for declaratory judgment on December 22, 2006, requesting that the circuit court find and declare that the vote to convert did not receive a two-thirds vote of the members present at the meeting and, pursuant to Arkansas Code Annotated section 4-28-225(a)(2), the vote failed, and the Association was not properly converted to the Authority. Accordingly, the appellants requested that the circuit court find and order that the Authority has no existence and that the Association continues to exist in the form that it held prior to the July 15, 2003 vote. On October 8, 2007, the Authority moved for summary judgment on the grounds of res judicata and mootness. On March 5, 2008, the circuit court dismissed the complaint with prejudice. The appellants now bring this appeal.

As a threshold matter, we must determine whether the appellants' complaint should have been dismissed under the doctrine of mootness, as the Authority contends. The Authority claims that the complaint for declaratory judgment is moot because it is clear from the receivership order that the circuit court's decision to appoint a receiver had nothing to do with whether the assets in question were owned by a water association or a water authority. The Authority asserts that even if a court were to enter judgment declaring the conversion vote invalid, the facilities of

the former Association are, and will continue to be, in receivership, pursuant to the order in the *Williams* case. The appellants assert that the Authority offered no evidence of facts, events, or occurrences that have transpired during the course of this litigation or in the course of the 2003 suit, including the *Williams* appeal, from which the circuit court could conclude that the issue of the passage of the conversion vote by the statutorily mandated two-thirds majority would have no practical legal effect on the outcome of this litigation. We disagree.

As a general rule, the appellate courts of this state will not review issues that are moot. *See Cotten v. Fooks,* 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which this court will not do. *See id.* We have generally held that a case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See id.*

In this case, the appellants filed a complaint for declaratory judgment, seeking, in relevant part, that the circuit court: (1) declare that the July 15, 2003 vote of the Association members to convert the Association to the Authority failed to carry by a two-thirds majority, as required by Arkansas Code Annotated section 4–28–225(a)(2); (2) declare that the Authority has no existence because the July 15, 2003 Association membership vote failed to carry by a two-thirds majority; and (3) declare that the Brushy Island Public Water Authority was not properly constituted and does not, therefore, have corporate existence.

The appellants' complaint is moot because any judgment rendered by the circuit court would have no practical legal effect upon the case. In its October 18, 2005 order appointing CAW as receiver, the circuit court found that Brushy Island lacked sufficient management or staff to adequately serve the needs of Brushy Island customers and that Brushy Island lacked the necessary infrastructure to provide Brushy Island customers with adequate fire service protection. The circuit court also noted that the Arkansas Department of Health and Human Services had cited Brushy Island for several violations of the rules and regulations pertaining to public water systems and the national primary drinking water regulations. Accordingly, the circuit court found that it was in the best interest for Brushy Island customers that CAW be appointed as receiver for Brushy Island. In the order of receivership, the circuit court expressly empowered and authorized CAW to perform any of the following duties:

a. to take possession and control of the Assets and any and all proceeds, receipts, and disbursements arising out of or from the Assets;

b. to receive, preserve, protect, and maintain control of the Assets, or any part or parts thereof;

c. to manage, operate, and carry on the business of Brushy Island, including the power to enter into any agreements, incur any obligations in the ordinary course of business, lawfully cease to carry on all or any part of the business, or lawfully cease to perform any contracts of Brushy Island;

d. to engage consultants, appraisers, agents, experts, auditors, accountants, managers, counsel, and such other persons from time to time on whatever basis, including on a temporary basis, to assist with the exercise of the powers and duties conferred by this Order;

e. to settle, extend, or compromise any indebtedness owing to Brushy Island;

f. to purchase or lease such machinery, equipment, inventories, supplies, premises, or other assets to continue the business of Brushy Island or any part or parts thereof;

g. to execute, assign, issue, and endorse documents of whatever nature in respect of any of the Assets, whether in the name of CAW, as a receiver, or in the name and on behalf of Brushy Island, for any purpose pursuant to this Order;

h. to initiate, prosecute, and continue the prosecution of any and all proceedings and to defend all proceedings now pending or hereafter instituted with respect to Brushy Island, the Assets, or CAW, as receiver for Brushy Island, and to settle or compromise any such proceedings. The authority hereby conveyed shall extend to such appeals or applications for judicial review in respect of any order or judgment pronounced in any such proceeding;

i. to market any or all of the Assets that are not necessary for the operation of Brushy Island, including advertising and soliciting offers in respect of the Assets or any part or parts therefor and negotiating such terms and conditions of sale as CAW, as receiver, in its discretion may deem appropriate;

j. to sell, convey, transfer, lease, or assign the Assets or any part or parts thereof out of the ordinary course of business, (i) without the approval of this Court in respect to any transaction not exceeding fifty thousand dollars ($50,000), provided that the aggregate consideration for all such transactions does not exceed two hundred and fifty thousand dollars ($250,000); and (ii) with the approval of this Court in respect of any transaction in which the purchase price or the aggregate purchase price exceeds the applicable amount set out in the preceding clause;

k. to apply for any permits, licenses, approvals, or permissions as may be required by any governmental authority and any renewals thereof for and on behalf of and, if thought desirable by CAW, as receiver, in the name of Brushy Island; and

l. to take any steps reasonably incidental to the exercise of these powers.

In addition, the circuit court ordered CAW to contract for and begin improvements to the Brushy Island water system so that the system would meet standards for water systems operated by CAW. Specifically, CAW was ordered to install improvements, detailed in the order as follows:

The Improvements consist of the installation of approximately 4400 Linear Feet (LF) of 24–inch Ductile Iron (DI) pipe, 4900 LF of 12–inch DI pipe, 4900 LF of 8–inch DI pipe, 4300 LF of 3–inch PVC pipe, and 5900 LF of 2–inch PVC pipe and appurtenances. The Improvements will also include the installation of 10 new Fire Hydrants, 320 new service meters and Pressure Regulators, as well as repair and/or replacement of existing service lines as required.

The order stated that Brushy Island customers would be responsible for paying the debt to finance the improvements and that the debt would be recouped as a surcharge on utility bills each month.

Whether CAW is receiver for a water association or a water authority, it is still receiver for the assets of Brushy Island pursuant to the October 18, 2005 order. The record reveals that the improvements opposed by the appellants are substantially completed. The debt incurred by Brushy Island to finance the improvements is still

in effect, pursuant to the October 18 order, and the customers are still obligated to pay certain amounts each month as a surcharge to repay the debt for the improvements.

Based on the foregoing, we hold that any judgment rendered on the conversion vote would have no practical legal effect upon the former Association because its facilities are now subject to receivership. The circuit court was correct in dismissing this case under the doctrine of mootness.[1] Because we so hold, we need not address the appellants' remaining arguments.

Affirmed.

---

1. We have recognized two exceptions to the mootness doctrine. The first exception involves issues that are capable of repetition, yet evade review. *Honeycutt v. Foster*, 371 Ark. 545, 268 S.W.3d 875 (2007). The second exception concerns issues that raise considerations of substantial public interest which, if addressed, would prevent future litigation. *Id.* The appellants do not contend that either exception applies.