2009 Ark. 411

FLOW DOC, INC.; Royce McNeal, Jr.;
& Brent H. McNeal, Appellants,

v.

Thomas M. HORTON, on behalf of
himself and all others similarly
situated, Appellee.

No. 09–13.

Supreme Court of Arkansas.

Sept. 17, 2009.

Friday, Eldredge & Clark, by: William A. Waddell, Jr. and James L. Phillips, Little Rock, for appellants.

Thrash Law Firm, Little Rock, by: Thomas P. Thrash; and Kitterman Law Firm, by: Gregory S. Kitterman, Little Rock, for appellee.

PAUL E. DANIELSON, Associate Justice.

Appellants Flow Doc, Inc., Brent McNeal, and Royce McNeal, Jr., (hereinafter collectively referred to as "Flow Doc") bring this interlocutory appeal from the order of the Pulaski County Circuit Court granting class certification. Flow Doc argues that the circuit court erred in granting class certification to appellee Thomas M. Horton on both the Arkansas Deceptive Trade Practices Act claim and the unjust-enrichment claim. We dismiss the appeal as moot in part and affirm in part.

The record reveals the following facts. On or about April 1, 2005, Thomas M. Horton refinanced his mortgage loan on his home with Southern Mortgage Company. In connection with the closing, Flow Doc prepared the loan documents for the loan from Southern Mortgage to Horton. Flow Doc charged and received a "Document Preparation Fee" of $195 from Horton for preparing the loan documents, a fee reported on line 808 of the HUD–1 Settlement Statement. On May 10, 2007, Horton filed a class-action complaint on behalf of himself and all others similarly situated, alleging that Flow Doc engaged in the unauthorized practice of law when it charged a fee for the preparation of loan documents in connection with a closing. The complaint alleged that Flow Doc's actions violated the Arkansas Deceptive Trade Practices Act (ADTPA), codified at Ark.Code Ann. §§ 4–88–101 to –706 (Repl. 2001 & Supp.2009). The complaint further alleged that Flow Doc was unjustly enriched by deceptively charging and receiving the document preparation fee and should be required to make restitution. Flow Doc moved to dismiss the complaint on July 6, 2007, based on lack of personal jurisdiction, lack of standing, failure to state facts upon which relief can be granted, and the alleged unconstitutionality of the ADTPA.

Horton then moved for class certification on July 26, 2007, asserting that Flow Doc had routinely charged borrowers involved in loans secured by real estate a

document preparation fee for preparing legal documents and that an appropriate class consisted of all persons who were residents of Arkansas and had paid document preparation fees to Flow Doc under those circumstances. Horton argued that this "unauthorized practice of law" raised a single predominate issue of fact and law common to all class members, that issue being whether Flow Doc was entitled to charge a fee for preparing the loan documents for loans secured by real estate in Arkansas and/or filling in the blanks on form loan documents used to consummate a loan secured by real estate in Arkansas. Therefore, Horton argued, the requirements for class certification were met, and class certification was warranted.

Flow Doc responded to the motion and also filed a request for specific findings of fact and conclusions of law with respect to Horton's request for class certification, each element required for class certification contained in Rule 23(a) and (b) of the Arkansas Rules of Civil Procedure, and any order entered by the court granting or denying the class certification. On October 24, 2007, the circuit court held a hearing on Horton's motion for class certification and, on April 1, 2008, issued a letter order informing the parties that it would be granting the motion. Flow Doc then renewed its request for findings of fact and conclusions of law and responded to Horton's proposed findings of fact and conclusions of law with specific objections.

On June 5, 2008, the circuit court granted the motion for class certification. In its order, the circuit court found that Flow Doc prepares loan documents contained in a typical closing package for loans originated by Southern Mortgage by filling in the blanks of form loan documents and then e-mailing the documents to the closing agent to be used in the loan closings in Arkansas. The court found that Flow Doc

has filled in the blanks of form loan documents for loans originated by Southern Mortgage and has charged a document preparation fee for filling in the blanks of the form loan documents since at least May 10, 2002. The court further found that Flow Doc has charged and received a document preparation fee paid by the borrowers in over 1,350 loan transactions originated by Southern Mortgage and closed in Arkansas, resulting in over $241,125 in document preparation fees received by Flow Doc since May 10, 2002. The court found that the Flow Doc employee who prepares the Arkansas loan documents, Patricia Alexander, is not an attorney and that part of her job is to determine which loan documents will be used and prepared, which note and mortgage form will be used, what interest rate will be used in preparing the documents, what payments will be required, what information will be disclosed, and who will be required to sign the particular loan documents; the court also found that the terms and provisions of the loan documents are consistent with the terms and conditions of the loan based on information provided by Southern Mortgage.

Additionally, the court determined that all persons who have paid a document preparation fee to Flow Doc involving a loan originated by Southern Mortgage can be identified by the HUD–1 Settlement Statements, which contain the name and address of the borrower and the amount of the document preparation fee charged by Flow Doc. In certifying the class, the court determined that Horton had satisfied each of the requirements of Rule 23. The court found that the class would have at least 1,350 members, so the numerosity requirement had been satisfied. The court also determined that Horton had satisfied the commonality requirement, declaring that there were at least four questions of fact or law common to all members of the

class. The court was satisfied that Horton's claims were typical of all class members who paid a document preparation fee to Flow Doc and that the named representative was adequate to represent the class. Finally, the court found that the common issues predominated over any individual questions and that a class action was the superior method for handling the matter. Accordingly, the court certified the class consisting of "[a]ll persons who paid document preparation fees to Flow Doc, Inc. involving loans originated by Southern Mortgage of Arkansas, Inc., from May 10, 2002, to the present. Excluded from the Class are (1) all present and former employees, officers, directors, and agents of Flow Doc, Inc; (2) any Class member who timely elects to be excluded from the Class; and (3) any employee of the Circuit Court of Pulaski County, Arkansas, or any officer of any court presiding over this action."

On June 16, 2008, Flow Doc filed a motion for additional findings of fact and conclusions of law and for reconsideration of the class-certification order as to Horton's claim under the ADTPA based on a recent decision from this court. Additionally, Flow Doc filed a supplemental motion to dismiss, arguing that, based on that same decision from this court, the ADTPA does not apply to the unauthorized practice of law and, therefore, Horton's claim based on the ADTPA should be dismissed for failure to state facts upon which relief can be granted.[1] Flow Doc filed its notice of appeal on July 3, 2008, and, on July 21, 2008, amended the notice of appeal to include the deemed denial of their motion for additional findings and reconsideration. On January 21, 2009, while the appeal of the class-certification order was pending in

this court, the circuit court granted Flow Doc's motion to dismiss Horton's ADTPA claim with leave to amend. The record before us was supplemented with the circuit court's order of dismissal. We turn now to the merits of the appeal.

Flow Doc first argues that the class-certification order is moot as to the ADTPA claim. Alternatively, Flow Doc argues that the certified "common questions" concerning the ADTPA claim are beyond the reach of the ADTPA and that the circuit court abused its discretion in ruling that Horton had proved the essential elements of class certification. Horton avers that the circuit court did not err in certifying the ADTPA claim and, further, that the class certification of the ADTPA claim is not moot because, after the dismissal, the claim was re-filed alleging specific violations of the ADTPA.

As a general rule, the appellate courts of this state will not review issues that are moot. *See Davis v. Brushy Island Pub. Water Auth. of Ark.*, 375 Ark. 249, 290 S.W.3d 16 (2008). To do so would be to render advisory opinions and this we will not do. *See id.* A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing legal controversy. *See id.*

As previously noted, after issuing its order granting class certification, the circuit court granted Flow Doc's motion to dismiss Horton's ADTPA claim. Because the ADTPA claim was dismissed by the circuit court, the issue of whether the court erred in granting class certification as to that claim is now moot. While Horton urges this court to rule on the matter because the claim has since been refiled, those documents are not part of the record

---

1. We take this opportunity to note that the issue of whether or not the ADTPA applies to the unauthorized practice of law is not an issue properly before this court as a result of the present appeal and, therefore, will not be addressed.

on appeal, and a ruling would require us to speculate as to what the new claim specifically alleges and if the circuit court would have granted class certification based upon that new claim. We have long held that courts do not sit for the purpose of determining speculative and abstract questions of law or laying down rules for future conduct. *See Dodson v. Allstate Ins. Co.,* 365 Ark. 458, 231 S.W.3d 711 (2006). For these reasons, this portion of the appeal is dismissed as moot.

For its second point on appeal, Flow Doc argues that the circuit court's order is deficient in regard to findings of fact and conclusions of law on the unjust-enrichment claim. Specifically, Flow Doc contends that each of the elements of unjust enrichment cannot be answered on a class-wide basis, but must be answered individually by the plaintiff and each putative class member. Horton avers that the circuit court made the proper analysis and that class certification under unjust-enrichment theories, specifically in this case, is appropriate.

When reviewing a circuit court's class-certification order, we review the evidence contained in the record to determine whether it supports the circuit court's decision. *See Georgia–Pac. Corp. v. Carter,* 371 Ark. 295, 265 S.W.3d 107 (2007). We have stated that:

[T]he issue of whether to certify a class is not determined by whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met. We have also observed that it is totally immaterial whether the petition will succeed on the merits or even if it states a cause of action. An order denying or granting class certification is separate from the merits of the case. Although we do not delve into the merits of the underlying claims in a potential class-action case, we will review the trial court's order to determine whether the requirements of Rule 23 are satisfied.

*American Abstract & Title Co. v. Rice,* 358 Ark. 1, 9, 186 S.W.3d 705, 710 (2004) (internal citations omitted).

Rule 23 of the Arkansas Rules of Civil Procedure (2009) governs class actions and class certification. The rule provides, in pertinent part, as follows:

(a) Prerequisites to Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties and their counsel will fairly and adequately protect the interests of the class.

(b) Class Actions Maintainable. An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

This court has reviewed the provisions of Rule 23 on numerous occasions and has held that, in order for a class-action suit to be certified, six factors must be met. Specifically, the party seeking certification must establish: (1) numerosity; (2) commonality; (3) predominance; (4) typicality; (5) superiority; and (6) adequacy. *See Union Pac. R.R. v. Vickers,* 2009 Ark. 259, 308 S.W.3d 573; *William-*

son v. Sanofi Winthrop Pharms., Inc., 347 Ark. 89, 60 S.W.3d 428 (2001). Circuit courts are given broad discretion in matters regarding class certification, and we will not reverse a circuit court's decision to grant or deny class certification absent an abuse of discretion. See *Georgia–Pac., supra; Beverly Enters.-Ark., Inc. v. Thomas,* 370 Ark. 310, 259 S.W.3d 445 (2007).

The circuit court first held a hearing on the motion for class certification and then issued an order granting the motion. Flow Doc contends that the order granting class certification is deficient. Flow Doc is troubled because the unjust-enrichment claim is not specifically mentioned in the order and claims that the court failed to properly analyze the Rule 23 requirements. Furthermore, Flow Doc argues that the question of whether the charging of a document preparation fee by a non-lawyer constitutes the unauthorized practice of law is not outcome determinative and will not resolve a common element of the claim and that each of the elements of unjust enrichment are fact-specific and must be proven individually. Presumably, Flow Doc's specific challenges are to commonality and predominance.

First, we do not find the order to be deficient simply because the unjust-enrichment claim was not specifically mentioned. Although the ADTPA itself is referred to in the proposed questions of law or fact under commonality, the order reviewed in full is not focused only on the claim brought pursuant to the ADTPA. Within the order, the circuit court made seventeen findings of fact, none of which were claim-specific. Furthermore, the order made conclusions of law, specifically addressing

each of the six factors required for class certification pursuant to Rule 23. As noted, Flow Doc seems to specifically challenge the factors of commonality and predominance.[2]

Pursuant to Ark. R. Civ. P. 23(a)(2), the trial court must determine that "there are questions of law or fact common to the class." We have previously stated the following regarding the commonality issue:

Rule 23(a)(2) does not require that all questions of law or fact raised in the litigation be common. The test or standard for meeting the rule 23(a)(2) prerequisite is ... [that] there need be only a single issue common to all members of the class. . . . When the party opposing the class has engaged in some course of conduct that affects a group of persons and gives rise to a cause of action, one or more of the elements of that cause of action will be common to all of the persons affected.

*Williamson v. Sanofi Winthrop Pharms., Inc.,* 347 Ark. 89, 96, 60 S.W.3d 428, 432 (2001) (quoting Herbert B. Newberg, *Newberg on Class Actions* § 3.10 (3d ed. 1993)).

Here, the circuit court found that there are questions of law and fact common to the class that include, but are not limited to:

1. Does the filling in of blanks of a pre-printed loan form and charging a document preparation fee for filling in the blanks of the form loan documents by a non-lawyer constitute the unauthorized practice of law?

---

**2.** Flow Doc did not make it clear what factors, if any, it was specifically challenging. This court did its best to make that determination based on the arguments presented in Flow Doc's brief. However, we take this opportunity to note, we also found that the other

four required factors for class certification—numerosity, typicality, superiority, and adequacy—were properly addressed in the circuit court's order, and we cannot say the circuit court abused its discretion.

2. Do the admitted practices of the Defendants violate the Deceptive Trade Practices Act?

3. Does the charging of an illegal fee to a borrower as part of an Arkansas loan constitute a deceptive act or practice in violation of the Arkansas Deceptive Trade Practices Act?

4. Do Royce McNeal, Jr. and/or Brent H. McNeal directly or indirectly control the conduct of Flow Doc, specifically the charging of a document preparation fee for filling in the blanks of form loan documents?

While proposed questions two and three do specifically mention the ADTPA, proposed questions one and four focus simply on the common issue of whether Flow Doc charged an illegal fee. This court has held that the starting point in examining the predominance issue is whether a common wrong has been alleged against the defendant. *See USA Check Cashers of Little Rock v. Island,* 349 Ark. 71, 76 S.W.3d 243 (2002); *BPS, Inc. v. Richardson,* 341 Ark. 834, 20 S.W.3d 403 (2000). In the instant case, the common wrong alleged is that Flow Doc illegally charged and received a document preparation fee in loan transactions that were closed in Arkansas and originated by Southern Mortgage. If that issue is resolved in favor of the class, then every member of the class will have suffered a common injury of paying a fee to Flow Doc that it was not permitted to charge.

The next issue is whether this common issue predominates over individual questions. *See Lenders Title Co. v. Chandler,* 358 Ark. 66, 186 S.W.3d 695 (2004). In *Lenders,* we stated:

When deciding whether common questions predominate over other questions affecting only individual members, this court does not merely compare the number of individual versus common claims.

Rather, this court decides if the issues common to all class members "predominate over" the individual issues, which can be resolved during the decertified stage of a bifurcated proceeding. Thus, the mere fact that individual issues and defenses may be raised regarding the recovery of individual members cannot defeat class certification where there are common questions concerning the defendant's alleged wrongdoing that must be resolved for all class members. That being said, this court has recognized that the predominance requirement is far more demanding than the commonality requirement.

*Id.* at 77, 186 S.W.3d at 701–02.

We have approved the use of a bifurcated process when, even though there are fundamentally common questions that pertain to all class members, there are certain issues, such as damages, that may not be amenable to class-wide determination. *See American Abstract, supra; Mega Life & Health Ins. Co. v. Jacola,* 330 Ark. 261, 954 S.W.2d 898 (1997); *Summons v. Missouri Pac. R.R.,* 306 Ark. 116, 813 S.W.2d 240 (1991). Because the common issue in the instant case is a threshold issue, the fact that other individual issues might exist cannot be used to defeat class certification. *See Lenders, supra.*

We hold that the circuit court's order provided a proper analysis of the requirements of Rule 23 and provided specific findings of fact and conclusions of law. Additionally, after reviewing the order, we cannot say that the circuit court abused its discretion. Therefore, we affirm the circuit court's order granting class certification as to Horton's unjust-enrichment claim.

Dismissed in part; affirmed in part.