# United States Court of Appeals

## For the Eighth Circuit

_____

No. 17-2005

_____

Ramona Evans,

*Plaintiff - Appellant,*

v.

City of Helena-West Helena, Arkansas,

*Defendant - Appellee.*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Helena

_____

Submitted: September 26, 2018
Filed: January 14, 2019

_____

Before COLLOTON, BEAM, and GRASZ, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Ramona Evans, a resident of the City of Helena-West Helena, Arkansas, appeals the dismissal of her claim against the City alleging a deprivation of constitutional rights under 42 U.S.C. § 1983. Evans asserts that the clerk's office in the Phillips County District Court failed to document that she paid certain fines, and then requested issuance of a warrant for her arrest. Her amended complaint alleges

that she was arrested, her car was towed, and she was held at the police station until it was discovered that she had paid the fines. Evans asserts that the clerk's failure to document payments has become "a practice, custom and habit," and the City's "unconstitutional policies" caused a deprivation of her liberty and property, apparently in violation of the Due Process Clause of the Fourteenth Amendment. Evans's complaint does not specify when the arrest occurred, but it allegedly happened sometime between July 18, 2013, and July 15, 2016. *See* R. Doc. 2, at 1.

The district court dismissed Evans's complaint for failure to state a claim, with one sentence of explanation: "Although Plaintiff's allegations are troubling—especially if, as Plaintiff alleges, it occurs frequently—the Clerk and the District Court are state-government officials who are neither employed by Defendant, nor amenable to suit." Evans appeals.

On the question of amenability to suit, we conclude that the district court erred. Whether or not the clerk or the Phillips County District Court is "amenable to suit," the City of Helena-West Helena is the defendant, and it has no immunity from suit. *See Alden v. Maine*, 527 U.S. 706, 756 (1999); *Owen v. City of Independence*, 445 U.S. 622, 638 (1980); *Webb v. City of Maplewood*, 889 F.3d 483, 485-86 (8th Cir. 2018). While a municipality cannot be held liable without an unconstitutional act by a municipal employee, there is no requirement that the plaintiff establish that an employee who acted unconstitutionally is personally liable. *Webb*, 889 F.3d at 487. So even if the clerk personally has absolute or qualified immunity from suit and damages, that immunity does not foreclose an action against the City if the complaint adequately alleges an unconstitutional policy or custom and an unconstitutional act by the clerk as a city employee.

The district court's other rationale—that the clerk is a state government official whose actions are not attributable to the City—is more complicated. Whether the clerk acts on behalf of the State, the City, or the County depends on the definition of

-2-

the clerk's official functions under relevant state law. *McMillian v. Monroe County*, 520 U.S. 781, 786 (1997); *Dean v. County of Gage*, 807 F.3d 931, 942 (8th Cir. 2015).

The City defends the district court's conclusion based on Amendment 80 to the Arkansas Constitution. That Amendment, effective in 2001, vests the judicial power in the "Judicial Department of state government, consisting of a Supreme Court and other courts established by this Constitution." Ark. Const. amend. 80, § 1. Another section provides that "District Courts are established as the trial courts of limited jurisdiction." *Id.* § 7(A). The City maintains that because the Phillips County District Court was part of the judicial department of state government, and the clerk was appointed by a judge of the district court, the clerk's actions against Evans were attributable to the State, not to the City.

Amendment 80, however, was not fully implemented immediately as to the Phillips County District Court. The Amendment granted the General Assembly "the power to establish jurisdiction of all courts . . . and the power to establish judicial circuits and districts and the number of judges for Circuit Courts and District Courts." *Id.* § 10. Although the legislature provided in 2003 that Phillips County would have a district court with elected judges, Ark. Code Ann. § 16-17-917 (West 2003), the judges were not state employees. As of 2008, the "structure of limited jurisdiction courts consist[ed] of a combination of full-time and part-time district and city courts funded by city and county governments[.]" Ark. Code Ann. § 16-17-1101(2) (West 2008).

The General Assembly then established "a pilot program that create[d] a limited number of state-funded pilot state district court judgeships," *id.* § 16-17-1101(8), but Phillips County was not included. *Id.* § 16-17-1103. Judges outside the pilot program, like those in Phillips County, continued to be employees of the cities or counties, or both, that they served. *Id.* § 16-17-1107. It was not until 2017, after

the events alleged in Evans's complaint, that Phillips County was one of several counties that were "reorganized as state district courts and served by a state district court judge." Ark. Code Ann. § 16-17-1112(a)(1) (West 2015). Until then, Phillips County was among those counties that were "served by local district courts." *Id.* During the relevant period, state law gave cities and counties authority to set salaries for the district court clerk, *see* Ark. Code Ann. § 16-17-211(b) (West 2012), and the complaint alleges that employees of the court were hired by the City and paid by the City, with salaries accounted for in the City's annual budget.

The district court resolved the case on a motion to dismiss, so the record has not been developed with respect to the clerk's duties and responsibilities, the source of the clerk's pay, or the degree of control that state or local officials, respectively, exercised over the clerk. *See McMillian*, 520 U.S. at 789-93. At this stage of the proceeding, however, we conclude that the complaint states at least a plausible claim that the clerk was a city official at the time of the alleged wrongdoing, in which case the City could be accountable for actions of the clerk that establish or carry out an unconstitutional policy or custom of the municipality. We therefore conclude that the case should not have been dismissed for failure to state a claim on the grounds specified by the district court. We express no view on whether the complaint otherwise is sufficient to state a claim against the City.

The judgment is reversed and the case is remanded for further proceedings. It is therefore unnecessary to address the district court's denial of Evans's post-judgment motion to amend her complaint.

_____