Cite as 2020 Ark. 19

# SUPREME COURT OF ARKANSAS
No. CV-19-475

| | |
|---|---|
| | Opinion Delivered: January 23, 2020 |
| CITY OF LITTLE ROCK | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT |
| V. | [NO. 60CV-14-1864] |
| LADONNA NELSON, AS PARENT AND NEXT FRIEND OF RICKY NELSON, INDIVIDUALLY, AND ON BEHALF OF OTHERS SIMILARLY SITUATED | HONORABLE CHRISTOPHER CHARLES PIAZZA, JUDGE |
| APPELLEE | AFFIRMED. |

**JOHN DAN KEMP, Chief Justice**

Appellant City of Little Rock (City) appeals an order of the Pulaski County Circuit Court granting a motion for attorneys' fees filed by appellee LaDonna Nelson, as parent and next friend of Ricky Nelson, individually, and on behalf of others similarly situated (Nelson). For reversal, the City argues that the circuit court abused its discretion in granting Nelson's attorneys'-fee motion in the amount of $225,000 and awarding a $10,000 enhancement fee to Nelson as the class representative. We affirm.

## I. *Facts*

On May 12, 2014, Nelson filed an illegal-exaction lawsuit seeking to recover fees that the City illegally imposed on traffic-court defendants in Little Rock District Court over a period of years. She filed an amended complaint and moved for class certification of her claims under the Arkansas Civil Rights Act, codified at Arkansas Code Annotated sections 16-123-101 to -108 (Repl. 2016). The City moved to dismiss Nelson's amended complaint

and opposed her motion for class certification. The circuit court dismissed Nelson's illegal-exaction claim and granted a motion to certify a class of those defendants who had paid their traffic-court installment fees at least thirty days early. The litigation lasted for more than four years. In August 2018, after a two-day trial, a Pulaski County Circuit Court jury found that the City had violated the Arkansas Civil Rights Act in charging excessive installment fees in traffic court. On December 27, 2018, the circuit court entered an order awarding $8,670 in damages and directing the City to return improperly charged installment fees to certain members of the class.

On January 10, 2019, Nelson filed a motion for attorneys' fees and costs, pursuant to Arkansas Code Annotated section 16-123-105(b) (Repl. 2016), seeking $397,542.42 in attorneys' fees, costs, and expenses and an enhancement of $10,000 for her service to the class. The City sought a default judgment and argued that the circuit court should have denied Nelson's motion because a fee award of $397.542.42 was "grossly disproportionate" to the amount of damages awarded to the class.

On March 12, 2019, the circuit court conducted a hearing and, from the bench, ruled,

> I think the one factor that a class action that goes to a jury that's successful is taking the risk of that class action and the expenses to cover the jury. And what I'm going to do is I'm going to order for the attorneys' fees [$225,000] and [$10,000] to Ms. Nelson[.]

The circuit court memorialized this bench ruling in an order granting Nelson's motion for attorneys' fees and finding,

1. Plaintiff LaDonna Nelson is entitled to an award of attorneys' fees under the Arkansas Civil Rights Act. The Court has considered the pleadings filed by the Plaintiff and Defendant concerning attorneys' fees, costs, and expenses.

2. The Court held a hearing on March 12, 2019, concerning attorneys' fees, costs, and expenses and the Court makes the following awards.

3. Plaintiff is awarded $225,000.00 in attorneys' fees, costs, and expenses, to be paid by the City of Little Rock to Holleman & Associates, P.A.

4. Plaintiff is awarded $10,000.00 as an enhancement for services to the class, to be paid by the City of Little Rock to LaDonna Nelson.

From this order, the City timely brings its appeal.

## II. *Fees*

### A. Attorneys' Fees

For the sole point on appeal, the City argues that the circuit court abused its discretion in awarding attorneys' fees in the amount of $225,000. The City concedes that Nelson was entitled to attorneys' fees, costs, and expenses but challenges the award of attorneys' fees as excessive under the *Chrisco* factors set forth in *Chrisco v. Sun Industries*, 304 Ark. 227, 229, 800 S.W.2d 717, 718–19 (1990). Nelson responds that the circuit court did not abuse its discretion in awarding 56 percent of the amount requested; that there is no rule of proportionality; and that the City failed to preserve its argument about an enhancement fee awarded to Nelson.

The long-standing rule in Arkansas is that attorneys' fees cannot be awarded unless specifically provided for by statute or rule. *Furman v. Second Injury Fund*, 336 Ark. 10, 983 S.W.2d 923 (1999). Arkansas follows the American rule that attorneys' fees are not chargeable as costs in litigation unless permitted by statute. *Lake View Sch. Dist. No. 25 v.*

3

*Huckabee*, 340 Ark. 481, 10 S.W.3d 892 (2000); *Love v. Smackover Sch. Dist.*, 329 Ark. 4, 946 S.W.2d 676 (1997).

The circuit court awarded attorneys' fees pursuant to Arkansas Code Annotated section 16-123-105(b), which allows a prevailing plaintiff in a civil-rights action to an attorneys'-fee award. Section 16-123-105(b) provides,

> (b) In the discretion of the court, a party held liable under this section shall also pay the injured party's cost of litigation and a reasonable attorney's fee in an amount to be fixed by the court.

Ark. Code Ann. § 16-123-105(b).

This court has stated that there is no fixed formula for determining what constitutes a reasonable amount for attorneys' fees. *See South Beach Beverage Co., Inc. v. Harris Brands, Inc.*, 355 Ark. 347, 138 S.W.3d 102 (2003); *Phi Kappa Tau Hous. Corp. v. Wengert*, 350 Ark. 335, 86 S.W.3d 856 (2002). Factors to consider in a motion for attorneys' fees include (1) the experience and ability of the attorney, (2) the time and labor required to perform the legal service properly, (3) the amount involved in the case and the results obtained, (4) the novelty and difficulty of the issues involved, (5) the fee customarily charged in the locality for similar legal services, (6) whether the fee is fixed or contingent, (7) the time limitations imposed upon the client or by the circumstances, and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer. *Chrisco*, 304 Ark. at 229, 800 S.W.2d at 718-19. Because of the circuit court's intimate acquaintance with the record and the quality of service rendered, we recognize the superior perspective of the circuit court in assessing the applicable factors. *Phi Kappa Tau*

4

*Hous. Corp.*, 350 Ark. at 341, 86 S.W.3d at 860. Accordingly, the amount of the award will be reversed only if the appellant can demonstrate that the circuit court abused its discretion. *Id.*, 86 S.W.3d at 860.

In the case at bar, the circuit court considered the *Chrisco* factors in its award of attorneys' fees, as Nelson argued the *Chrisco* factors both in her brief supporting the motion for attorneys' fees and during the fee hearing. In her supporting brief, Nelson specifically applied each *Chrisco* factor to the facts of the case and argued extensively that all *Chrisco* factors weighed in her favor. At the fee hearing, Nelson's counsel stated,

> As the Court knows, it considers the *Chrisco* factors in determining the reasonable fee. And those, I think, are well covered in the briefing. But, I did just want to highlight a few of the issues that popped out and to answer any questions the Court has.

Nelson's counsel also argued to the circuit court that no rule of proportionality existed; that the City acknowledged that Nelson was entitled to reasonable attorneys' fees; that counsel had incurred a contingent risk of expensive litigation, which included out-of-pocket expenses such as service fees, subpoenas, witnesses, postage, and copies; that attorneys' fees had accumulated for five years; and that attorneys had continued to produce work product, particularly updated class lists, after the circuit court awarded damages in the case.

Here, the circuit court reduced Nelson's initial request for attorneys' fees from $397,542.42 to $225,000. We agree with the circuit court's ruling. Because of the circuit court's intimate acquaintance with the record and the quality of counsel's services

rendered, the circuit court had a superior opportunity to assess the critical factors before it, and an award of attorneys' fees will therefore not be set aside absent an abuse of discretion. *Chrisco*, 304 Ark. at 230, 800 S.W.2d at 719. Therefore, we hold that the circuit did not abuse its discretion in awarding Nelson $225,000 in attorneys' fees.

## B. Enhancement Fee

The City also contends that the $10,000 enhancement fee is unreasonable and should have been reduced. However, in its brief, the City does not provide any citation to authority to support its argument to reduce the enhancement, nor does it provide any substantive argument for any reduction. Thus, we will not consider arguments not supported by convincing argument or citation to legal authority. *See Williams v. Brushy Island Pub. Water Auth.*, 368 Ark. 219, 231, 243 S.W.3d 903, 911 (2006). We affirm on this point.

Affirmed.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I dissent for the reasons stated in *City of Little Rock v. Nelson*, 2020 Ark. 34, ___ S.W.3d ___ (Hart, J., dissenting), handed down this same day.

*Caleb Garcia* and *Rick D. Hogan*, Office of the City Attorney, for appellant.

*Holleman & Associates, P.A.*, by: *John Holleman* and *Timothy A. Steadman*, for appellee.